UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERSHEL ROSEBORO,

     Petitioner,

v.                                  Case No. 8:20-cv-2942-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

## ORDER

Roseboro, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his convictions based on alleged errors of the state trial court and alleged failings of his trial counsel. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 11), and Roseboro's reply, (Doc. 12), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Roseboro is also not entitled to a certificate of appealability.

## I.   BACKGROUND

A state court jury convicted Roseboro of two counts of attempt to commit lewd battery and one count of attempt to commit lewd molestation. (Doc. 11-2, Ex. 2.) The state trial court sentenced him to 10 years in prison. (Doc. 11-2, Ex. 3.) The state appellate court per curiam affirmed the judgment and sentence. (Doc. 11-2, Ex. 6.) The state court denied Roseboro's motion for postconviction relief under Florida Rule of Criminal

Procedure 3.850. (Doc. 11-2, Exs. 8, 9 & 11.) The state appellate court per curiam affirmed. (Doc. 11-2, Ex. 14.)

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

### A. Untimeliness Under 28 U.S.C. § 2244(d)

Roseboro's conviction and sentence were affirmed on April 18, 2018. (Doc. 11-2, Ex. 6.) The judgment became final 90 days later, on July 17, 2018, upon expiration of the time to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). After 43 days of untolled time elapsed, Roseboro filed his motion for postconviction relief on August 30, 2018. (Doc. 11-2, p. 1.) The motion remained pending until the state appellate court's mandate issued on January 10, 2020. (Doc. 11-2, Ex. 15.)

2

Roseboro filed no other tolling applications in state court. He filed his § 2254 petition on December 3, 2020, after another 327 days of untolled time. (Doc. 1, p. 1.) Therefore, a total of 370 days, more than the one year allowed, passed untolled before Roseboro filed his § 2254 petition. His petition is thus untimely under § 2244(d)(1)(A).

### B. Equitable Tolling

Roseboro asserts entitlement to equitable tolling. He states that he "was in transit between institutions and in addition under medical quarantine for the COVID 19 pandemic during the second half of November 2020 until the beginning of December 2020" and that he "filed his petition immediately when he was released from medical quarantine." (Doc. 12, p. 2.)

Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649-50.

Roseboro does not show entitlement to equitable tolling. First, Roseboro does not show that he was diligent in pursuing the timely filing of his § 2254 petition. Roseboro is responsible for knowing the AEDPA limitation period. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("As with any litigant, pro se litigants 'are deemed to know of the one-year statute of limitations.' " (quoting *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007))). After the state appellate court issued its mandate affirming the denial of postconviction relief on January 10, 2020, Roseboro had 322 days, until November 27, 2020, to file his § 2254 petition. But Roseboro does not explain what actions he took during this time to pursue the timely filing of his petition, or why he could not

4

have filed the petition prior to "the second half of November 2020," when he states any quarantine or transfer occurred. (Doc. 12, p. 2.)

Second, Roseboro does not establish any extraordinary circumstances that prevented him from timely filing his § 2254 petition. Roseboro does not show that his transfer between facilities is an extraordinary circumstance warranting equitable tolling. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (stating that a petitioner's transfer to county jail and inability to access his legal papers and a law library were not extraordinary circumstances). He offers no details or facts to show that the transfer was extraordinary. *See id.* (explaining that the transfer was not an extraordinary circumstance because petitioner "failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine").

Further, Roseboro does not show that his quarantine in prison because of COVID-19 is an extraordinary circumstance warranting equitable tolling. He does not allege any specific facts demonstrating how the quarantine impacted his ability to timely file his petition. I find persuasive orders by the Eleventh Circuit Court of Appeals concluding similarly when denying certificates of appealability. In one such order, the court stated that in accord with precedent, "lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling." *Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8,

2022). In another order, the court determined that the petitioner "could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols." *Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021). Similarly, the court also stated that "[w]hile the Covid-19 pandemic may have impacted [petitioner's] access to legal materials in the remaining [time left in the limitation period], his circumstances were not different than any other prisoner attempting to access legal resources." *Whitaker v. Comm'r, Ga. Dept of Corr.*, 2022 WL 2156663, at *2 (11th Cir. May 3, 2022). Roseboro thus does not demonstrate that equitable tolling is warranted. His petition is untimely.[1]

## III.  <u>CERTIFICATE OF APPEALABILITY</u>

Roseboro is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Roseboro must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Roseboro cannot satisfy the

---

[1] Roseboro does not argue that the Court can consider his untimely petition on the basis that he has demonstrated his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

second prong of the *Slack* test. As Roseboro is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Roseboro's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Roseboro and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 28, 2023.


Kathryn Kimball Mizelle
United States District Judge